NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ZACHARY ANGEL TIJERINA, *Appellant.*

No. 1 CA-CR 25-0370

FILED 08-03-2026

---

Appeal from the Superior Court in Maricopa County
No. CR2023-103750-001
The Honorable Stasy D. Avelar, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Anne Carmack
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Grahame McNevin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Daniel J. Kiley joined.

---

**F A B I A N**, Judge:

**¶1** Zachary Tijerina appeals his convictions for the sexual abuse of his two stepdaughters, alleging the prosecutor improperly asked the jurors to put themselves in the position of the victims' mother during closing argument. Because the prosecutor's statements did not constitute an improper appeal to the jurors' emotions, this Court affirms.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** Viewing "the evidence in the light most favorable to sustaining the jury's verdict," *State v. Fierro*, 254 Ariz. 35, 38 ¶ 2 (2022), Tijerina subjected both girls to repeated abuse while they were in grade school, including vaginal and breast touching. Tijerina told the younger girl, Anna,[1] that if she ever disclosed the abuse, the girls' mother ("Mother") would kill herself. Mother eventually caught Tijerina alone with Anna in the child's room. Tijerina was licking Anna's stomach with her shirt pulled up and pants rolled down. Mother quickly kicked Tijerina out of the house but did not call the police. When asked why not, Mother explained that Anna had begged her not to out of fear of being taken away by the police and that Mother would kill herself. However, Mother did discuss what she had seen with a friend the next day. That friend later called the police.

**¶3** Tijerina denied the allegations of abuse when he testified. There was no physical evidence presented at trial, only testimony. Following Mother's testimony, defense counsel questioned her extensively about her failure to call the police, and suggested that she did not because she was unsure of what she had seen Tijerina doing with Anna.

**¶4** During closing arguments, the prosecutor addressed Mother's failure to call the police as follows:

---

[1] Pseudonyms are used pursuant to Arizona Rule of Criminal Procedure 31.10(f).

And by the way, there's been a lot—it's no secret that [Mother] did not call police. And, look, you might say to yourself, that's—if that were me, I would call the police right away, no question. And sure, I don't think anybody would disagree with that assessment. But remember, we're not here to judge [Mother's] choices or her actions or how you would have reacted in that situation as a parent. We're here to judge the evidence, the facts, what happened.

. . .

Touching briefly, again, on why [Mother] did not call the police. She explained to you that she wanted to and it was because [Anna] was really scared. [Anna] did not want to be taken from her mom. And that is something that—I'm jumping ahead a little bit. But that is something [the expert] . . . . touched on, right, is there's this fear—it may not be rational, but we're talking about children here, where there's this fear from the child's perspective, well, I don't want to be taken from my mom. I don't want to be taken from my sister.

Again, it may not make sense. As a parent, you might think to yourself, I'm the parent. I'm the adult. I should still call the police. But it does help explain why [Mother] did not call the police.

Tijerina did not object.

¶5        The jury convicted Tijerina on ten of the thirteen counts. Tijerina was sentenced to life with the possibility of parole after 35 years plus 87 additional years, all sentences running consecutively.

¶6        Tijerina timely appealed. This Court has jurisdiction under Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶7        Tijerina argues the prosecutor improperly appealed to the jurors' emotions during closing arguments. Because Tijerina failed to object at trial, this Court reviews for fundamental error. *State v. Murray*, 250 Ariz. 543, 548 ¶¶ 14-15 (2021). In order to meet that standard, Tijerina must show error: 1) exists, 2) is fundamental, and 3) caused him prejudice. *See State v. Escalante*, 245 Ariz. 135, 142 ¶ 21 (2018). If there is no trial error, that ends

the inquiry. *See Murray*, 250 Ariz. at 548 ¶ 14. Tijerina fails to show the prosecutor's statements were error.

**¶8**         Prosecutors are afforded "wide latitude" in presenting closing arguments. *State v. Comer*, 165 Ariz. 413, 426 (1990). They "may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions." *State v. Bible*, 175 Ariz. 549, 602 (1993), *abrogated in part on other grounds as recognized in McKinney v. Ryan*, 816 F.3d 798, 815 (9th Cir. 2015). What a prosecutor may not do is "improperly 'appeal to the passions and fears of the jury.'" *State v. Montoya*, 258 Ariz. 128, 144 ¶ 23 (2024) (quoting *Comer*, 165 Ariz. at 426).

**¶9**         Statements improperly appeal to jurors' emotions "when they urge the jury to convict the defendant for reasons wholly irrelevant to his own guilt or innocence." *State v. Acuna Valenzuela*, 245 Ariz. 197, 222 ¶ 109 (2018) (citation modified). Genuine emotional appeals serve no other purpose than to stir up the jurors' emotions. S*ee State v. Egan*, 261 Ariz. 476, 487 ¶ 37 (App. 2025) (prosecutor's statements improper when "the only logical reason to mention [the victim's children] . . . was to appeal to the juror's 'passions' and 'empathy'"). The question is whether the challenged statements cross that line. They did not.

**¶10**         Tijerina challenges the statements the prosecutor made during closing arguments addressing Mother's failure to call the police after witnessing the abuse. Taken out of context, the statements might sound like the prosecutor was asking the jurors to put themselves in the place of the victims' mother. However, considered in context, the prosecutor was simply refuting defense counsel's suggestion that Mother was not sure what she saw. *See State v. Trostle*, 191 Ariz. 4, 16 (1997) ("Comments that are invited and prompted by opposing counsel's arguments are not improper if they are reasonable and pertinent to the issues raised."). The prosecutor's statements were not improper because they did not urge the jury to convict Tijerina for reasons wholly irrelevant to his guilt. *See Herrera*, 174 Ariz. at 397.

**¶11**         Tijerina relies on *State v. Muniz*, 548 P.3d 172 (Or. Ct. App. 2024), for the proposition that it is improper to ask the jurors to put themselves in the place of the victims' mother. *Muniz*, however, is a perfect example of when a prosecutor's statements encouraged the jurors to decide a case based on sympathy or emotion rather than the evidence. In *Muniz*, the prosecutor stated: "Whoever did this, absolutely abused [the victim's] corpse. And if you think about on top of the indignity of doing this to

another human being, *think about what this does to a mother who is waiting for the identification of her daughter.*" *Id.* at 174. In reversing the defendant's convictions, the *Muniz* court held that the prosecutor's improper "appeal to the jurors' emotions" in an "emotionally fraught case," along with other prosecutorial misconduct, deprived the defendant of a fair trial. *Id.* at 177. Here, by contrast, the challenged statements are the only alleged source of misconduct and the prosecutor did not use emotionally charged language inviting the jury to decide the case based on sympathy for Mother. In fact, the prosecutor was asking them not to think about what they would have done if they had been in Mother's shoes and redirected the jury to focus on trial evidence that explained her actions.

¶12        Because the prosecutor's statements did not improperly "appeal to the passions and fears of the jury," *Montoya*, 258 Ariz. at 144 ¶ 23 (quoting *Comer*, 165 Ariz. at 426), this Court finds no error.

## CONCLUSION

¶13        This Court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR